JAMES J. YUKEVICH (SBN 159896)
*jyukevich@yukelaw.com*
TODD A. CAVANAUGH (SBN 196098)
*tcavanaugh@yukelaw.com*
DAVID V. MOORE (SBN 233613)
*dmoore@yukelaw.com*
JONATHAN GOTTLIEB (SBN 339650)
*jgottlieb@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788
Email: eservice@yukelaw.com

Attorneys for Defendant RAMESH FLOWERS PRIVATE LIMITED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WESLEY GIBSON and ALEXIS GIBSON, individually and as surviving parents and as successor-in-interest to Decedent Wyatt G. Gibson,

Plaintiffs,

vs.

WAL-MART, INC.; FLORA CLASSIQUE, INC.; MEREDITH CORPORATION; RAMESH FLOWERS PRIVATE LIMITED; DOES 1 through 20; ROE Corporations 1 through 20; and DOE Employees 1 through 20, inclusive,

Defendants.

CASE NO. 5:22-cv-00238 JWH (KKx)

Honorable John W. Holcomb

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAMESH FLOWERS PRIVATE LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**

Date: November 17, 2023
Time: 9:00 a.m.
Courtroom: 9D

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 5

II. FACTUAL BACKGROUND ..... 6

A. Plaintiffs' Lawsuit ..... 6

B. Ramesh and Its Subsidiary, Flora Classique, Inc. ..... 7

III. LEGAL STANDARD ..... 8

IV. RAMESH IS NOT SUBJECT TO GENERAL JURISDICTION ..... 9

V. RAMESH IS NOT SUBJECT TO SPECIFIC JURISDICTION ..... 10

A. Plaintiffs Cannot Meet Their Burden to Establish the Purposeful Direction Requirement. ..... 10

B. Plaintiffs Cannot Meet Their Burden to Establish "Arising Out Of or Related To" Requirement. ..... 12

C. Specific Jurisdiction May Not Be Established By Subsidiary Contacts. ..... 15

VI. CONCLUSION ..... 16

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) (District Court could not exercise personal jurisdiction over Polish defendant where the forum was not the "focal point" of the harm)....................11

*Asahi Metals Indus. Co., Ltd. v. Superior Court*,
480 U.S. 102 (1987) ....................11

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064 (9th Cir. 2017)....................11

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
11 F.4th 972 (9th Cir. 2021)....................8

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008)....................8

*Brayton Purcell LLP v. Recordan & Recordan*,
606 F.3d 1124 (9th Cir. 2010)....................11

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017) ....................9, 12, 13, 14

*Calder v. Jones*,
465 U.S. 783 (1984) ....................11

*Estate of Daher v. LSH Co.*,
575 F.Supp.3d 1231 (C.D. Cal. 2021)....................12

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ....................9, 10, 15

*Dole Food Co. v. Watts*,
303 F.3d 1101 (9th Cir. 2002)....................10

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
141 S. Ct. 1017 (2021)....................12

*Goodyear Dunlop Tires Operations, S A. v. Brown*, 564 U.S. 915 (2011) .......... 10

*Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695 (7th Cir. 2015) .......... 9

*Morrill v. Scott Financial Corp.*, 873 F.3d 1136 (9th Cir. 2017) .......... 10, 11

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) .......... 11

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .......... 8, 11

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) .......... 8

*Walden v. Fiore*, 571 U.S. 277 (2014) .......... 12

*Williams v. Yahama Motor Co. Ltd.*, 851 F.3d 1015 (9th Cir. 2017) .......... 10, 15

**Statutes**

Cal. Code Civ. P. § 410.10 .......... 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) .......... 6, 8, 16

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Defendant Ramesh Flowers Private Limited ("Ramesh") submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiffs' Third Amended Complaint for lack of personal jurisdiction.

## I. INTRODUCTION

This product liability action involves an aromatherapy room spray product that was manufactured in India, shipped directly to Georgia, distributed in Tennessee, sold to and purchased by Plaintiffs in Georgia, and allegedly caused harm in Georgia and/or Tennessee. Plaintiffs, residents of Georgia, filed this suit against several entities they allege were responsible for the design, manufacture, distribution, and sale of the room spray, including Ramesh, which manufactured the product pursuant to specifications provided by Walmart.

As to Ramesh, Plaintiffs' Third Amended Complaint ("TAC") should be dismissed for lack of personal jurisdiction because Ramesh lacks the requisite contacts with California to support the imposition of either general or specific jurisdiction. With respect to general jurisdiction, Ramesh is an Indian manufacturing company with its principal place of business in India and, therefore, is not "at home" in California. With respect to specific jurisdiction, none of Ramesh's suit-related conduct occurred in California and all of it occurred elsewhere. Ramesh did not manufacture the product in California; did not import the product to California; last had contact with the product when it was shipped from the port to India to Georgia; and is aware of no evidence that the product was ever even present in California. Moreover, Plaintiffs do not reside in California, did not purchase the product in California, and did not sustain harm in California. Thus, this case lacks the constitutionally required connection between California and the claims against Ramesh.

Given these facts, Ramesh is not subject to general or specific jurisdiction in this case. Maintenance of this suit against Ramesh in California would offend traditional notions of fair play and substantial justice and would violate Ramesh's

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Constitutional due process rights and California's long arm statute. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), as well as the California and United States Constitutions, this action should be dismissed as to Ramesh for lack of personal jurisdiction.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Lawsuit

This case arises from the unfortunate passing of Plaintiffs' son, Wyatt Gibson, on July 16, 2021, in Tennessee. (TAC ¶ 61 [ECF No. 86]; Ex. 1 to TAC [ECF No. 86-1].) Plaintiffs allege that the fatal injury was caused by exposure to an aromatherapy room spray product. (TAC ¶¶ 37, 59-61 [ECF No. 86].) The TAC names Walmart, Inc., Flora Classique, Inc. ("Flora"), Meredith Corporation, and Ramesh as defendants. It asserts product liability, negligence, and warranty claims based on the design, manufacture, inspection, testing, distribution, and/or sale of the product. (*See generally id.*)

The product at issue in this case ("Subject Product") is a Better Homes and Gardens brand aromatherapy room spray. (*Id.* ¶ 37.) Ramesh manufactured the Subject Product in India. (Swaminathan Dec. ¶ 19.) The Subject Product was shipped from the port in Tuticorin, India, to the port in Savannah, Georgia, transported to a warehouse leased by Flora in Memphis, Tennessee, and then distributed to Walmart. (*Id.* ¶¶ 22-23.) Plaintiffs purchased the Subject Product from a Walmart store in Georgia. (TAC ¶ 37 [ECF No. 86].) Their son was allegedly exposed to the Subject Product in Georgia, became seriously ill, and passed away in a hospital in Tennessee. (*Id.* ¶¶ 59-61; Declaration ¶ 2 [ECF No. 86-1]; Certificate of Death [ECF No. 1-2 at 19].)

In other words, the Subject Product was not manufactured in California, was not exported or imported to California, and was not sold or distributed in California. Plaintiffs did not purchase the Subject Product in California and did not sustain any harm in California.

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**B. Ramesh and Its Subsidiary, Flora Classique, Inc.**

Ramesh is an Indian manufacturing company with its principal place of business in India. (Swaminathan Dec. ¶¶ 5-6.) Ramesh is a manufacturer and exporter of home fragrance and décor products, including candles, diffusers, incense sticks, and room sprays. (*Id.* ¶ 6.) The company's offices, manufacturing facilities, and employees are located in India. (*Id.* ¶ 7.)

Ramesh does not:

-- Maintain any offices, manufacturing facilities, employees, personnel, or bank accounts in California or anywhere else in the United States. (*Id.* ¶ 10.)

-- Design, manufacture, distribute, or import any products in California or anywhere else in the United States. (*Id.* ¶ 11.)

-- Own, lease, or rent any real or commercial property in California or anywhere else in the United States. (*Id.* ¶ 12.)

-- Transact business in California or anywhere else in the United States. (*Id.* ¶ 13.)

-- Have a registered agent for service of process in California or anywhere else in the United States. (*Id.* ¶ 14.)

-- Engage in television, print, or direct mail advertising in California or anywhere else in the United States. (*Id.* ¶ 16.)

-- Draft, produce, or disseminate publications, manuals, or product literature from California or anywhere else in the United States. (*Id.* ¶ 17.)

Moreover, relevant records relating to the manufacture of Ramesh products are located in India. (*Id.* ¶ 8.) None are located in California. (*Id.*)

Flora is a subsidiary of Ramesh. (*Id.* ¶ 28.) Flora is an importer and distributor of products in the United States. (*Id.* ¶ 27) Flora imports and distributes Ramesh products, as well as products made by other manufacturers with no

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

affiliation to Ramesh. (*Id.*) In other words, Flora does not exclusively import or distribute Ramesh products. (*Id.*) In addition, Ramesh and Flora (1) are separate and independent legal entities; (2) have separate offices, facilities, and warehouses; (3) have separate corporate books, financial records, bank accounts, and tax filings; (4) have separate assets and liabilities; and (5) have separate boards of directors. (*Id.* ¶¶ 30-34.) Moreover, Ramesh does not have the right to exercise substantial control over (1) Flora's day-to-day activities; (2) Flora's product distribution activities or decisions; and (3) Flora's employee or personnel decisions. (*Id.* ¶¶ 35-37.)

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## III. LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). If the defendant offers evidence such as an affidavit when opposing personal jurisdiction, the court "may not assume the truth of the allegations in a pleading which are contradicted by affidavit." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) (citing *Data Disc, Inc. v. System Tech Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015 (citation omitted). "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction comports with federal constitutional due process." *Id.*; *see also* Cal. Code Civ. P. § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). A court may exercise personal jurisdiction over a nonresident defendant only if that defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice." *Daimler AG v. Bauman,* 571 U.S. 117, 126 (2014) (brackets in original) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). General jurisdiction is "all purpose": it allows a court to hear any claim against a defendant. *Id*. It exists, however, only in a forum in which the defendant can fairly be regarded as being "at home." *Id*. In contrast, specific jurisdiction is case-linked: it exists only if the plaintiff's suit arises out of or relates to the defendant's contacts with the forum. *Id*. Further, the plaintiff's suit must arise out of or relate to contacts that the defendant *itself* – not the plaintiff or a third party with which the defendant may be affiliated – created with the forum. *Id*. at 265 (citing *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

## IV. <u>RAMESH IS NOT SUBJECT TO GENERAL JURISDICTION</u>

The two "paradigm" locations where a corporate defendant is "at home" for purposes of general jurisdiction are (1) its place of incorporation and (2) its principal place of business. *Daimler,* 571 U.S. at 137; s*ee also Kipp v. Ski Enter. Corp. of Wis.*, 783 F.3d 695, 698 (7th Cir. 2015) ("[G]eneral jurisdiction exists only when the organization is 'essentially at home' in the forum state. . . . Thus far, the [Supreme] Court has identified only two places where that condition is met: the state of the corporation's principal place of business and the state of its incorporation.") (citing *Goodyear Dunlop Tires Operations, S A. v. Brown,* 564 U.S. 915, 920 (2011)).

The Supreme Court left open the possibility that in an "exceptional case," general jurisdiction might be appropriate in some other location (*id*. at 139 n.19), but no such exception is appropriate here. A nonresident defendant's mere in-state business contacts with the forum state, no matter the magnitude, are not sufficient to confer general jurisdiction. *Daimler*, 571 U.S. at 137-38. A nonresident defendant's act of placing a product into the stream of commerce is not sufficient for

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

general jurisdiction. *Goodyear*, 564 U.S. at 927. Nor may a nonresident defendant be subjected to a court's general jurisdiction based on the contacts of an in-state subsidiary. *Daimler*, 571 U.S. at 139; *Williams v. Yahama Motor Co. Ltd.,* 851 F.3d 1015, 1022 (9th Cir. 2017).

Here, Plaintiffs acknowledge that Ramesh is an Indian manufacturing company with its principal place of business in India. (TAC ¶ 7 [ECF No. 86]).[1] Ramesh does not maintain any offices, manufacturing facilities, employees, personnel, or bank accounts in California. (Swaminathan Dec. ¶ 10.) Ramesh does not design, manufacture, distribute, or import any products in California. (*Id*. ¶ 11.) Ramesh does not own, lease, or rent and real or commercial property in California. (*Id*. ¶ 12.) Ramesh is not qualified, licensed, or authorized to do business in California. (*Id*. ¶ 13.) And Ramesh does not engage in television, print, or direct mail advertising in California. (*Id*. ¶ 16.) Ramesh is clearly not "at home" in California. Accordingly, there is no general jurisdiction over Ramesh.

## V. RAMESH IS NOT SUBJECT TO SPECIFIC JURISDICTION

A court may exercise specific, or case-linked, jurisdiction over a nonresident defendant only when three requirements are satisfied: the defendant purposefully directed its activities at the forum or purposefully availed itself of forum benefits; (2) the claim arises out of or relates to the defendant's forum contacts; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *Dole Food Co. v. Watts*, 303 F.3d 1101, 1111 (9th Cir. 2002). The plaintiff bears the burden of establishing the first two elements. *Morrill v. Scott Financial Corp*., 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 372 F.3d at 802).

### A. Plaintiffs Cannot Meet Their Burden to Establish the Purposeful Direction Requirement.

The first element of the test for specific jurisdiction may be satisfied "by

[1] Plaintiffs are correct. (Swaminathan Dec. ¶¶ 5-6.)

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" *Brayton Purcell LLP v. Recordan & Recordan*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)). Courts generally apply the purposeful availment analysis in connection with contract claims and the purposeful direction analysis in tort claims. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) ("Where, as here, a case sounds in tort, we apply the purposeful direction test."); *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015); *Schwarzenegger*, 374 F.3d at 802.

Purposeful direction is analyzed under the three-part "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). *Picot v. Weston*, 780 F.3d 1206, 1213-14 (9th Cir. 2015) ("In analyzing whether a court has specific jurisdiction over a tort claim, we apply our three-part 'effects' test derived from *Calder v. Jones*.") (citation omitted); *Brayton*, 606 F.3d at 1128; *Schwarzenegger*, 374 F.3d at 803. Under this test, the defendant must have (1) committed an intentional act, (2) that was expressly aimed at the forum state, (3) causing harm that the defendant knows is likely be to be sustained in the forum state. *Brayton*, 606 F.3d at 1128. The "placement of a product into the stream of commerce, without more, is *not* an act of the defendant purposefully directed toward the forum State." *Asahi Metals Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 112 (1987) (emphasis added).

The third prong of *Calder* is dispositive here. Ramesh did not take any action that allegedly caused harm in California. The Complaint specifically alleges that Plaintiffs' decedent was exposed to the Subject Product in Georgia and passed away in Tennessee. (TAC ¶¶ 37, 59 [ECF No. 86]; Ex. 1 to TAC ¶ 2 [ECF No. 86-1].) *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1212 (9th Cir. 2020) (District Court could not exercise personal jurisdiction over Polish defendant where the forum was not the "focal point" of the harm); *Morrill*, 873 F.3d at 1145 ("Harm suffered in the forum state is a necessary element in establishing purposeful

direction.”); *Estate of Daher v. LSH Co.*, 575 F.Supp.3d 1231, 1241 (C.D. Cal. 2021) (third element of purposeful direction test was not satisfied because plaintiff’s harm did not occur in forum state). For this reason alone, specific jurisdiction fails.

**B. Plaintiffs Cannot Meet Their Burden to Establish “Arising Out Of or Related To” Requirement.**

Specific jurisdiction “focuses on the relationship among the defendant, the forum, and the litigation.” *Walden v. Fiore*, 571 U.S. 277, 284 (2014). For a court to exercise specific personal jurisdiction consistent with the Due Process Clause, “the defendant’s suit-related conduct must create a substantial connection with the forum State.” *Id.*; *see also Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1026 (2021) (citing *Bristol-Myers* to repeat “this Court’s requirement of a ‘connection’ between a plaintiff’s suit and a defendant’s [forum] activities”). “When there is no such connection, specific jurisdiction is lacking regardless of a defendant’s unconnected activities in the State.” *Bristol-Myers*, 582 U.S. at 264.

This requirement polices the line between general and specific jurisdiction. “For specific jurisdiction, a defendant’s general connections with the forum are not enough.” *Bristol-Myers*, 137 U.S. at 264. “[A] corporation’s ‘continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.” *Id.* (brackets and ellipsis in original) (quoting *International Shoe*, 326 U.S. at 318). “[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.” *Id.* (quoting *Goodyear*, 564 U.S. at 930 n. 6).

*Bristol-Myers* was a mass action consisting of plaintiffs who had taken Plavix, a drug developed, manufactured, and sold by defendant Bristol-Myers. Bristol-Myers had extensive contacts with the forum state of California, including five research and laboratory facilities, which employed around 100 employees; 250 sales representatives; and a state-government advocacy office. In addition, Bristol-

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Myers had sold nearly 187 million Plavix pills in California and took in more than $900 million from those sales. However, Bristol-Myers did not develop, manufacture, label, package, or work on the regulatory approval of the product in California. A group of plaintiffs, consisting of residents of California and a larger number of residents of other states, brought suit in California. The nonresident plaintiffs did not allege that they obtained Plavix in California or that they were injured in California. All plaintiffs asserted the same claims relating to the drug.

The California Supreme Court held that specific jurisdiction was appropriate even as to the claims brought by the nonresident plaintiffs. The United States Supreme Court reversed as to the nonresident plaintiffs because their claims did not arise out of or relate to Bristol-Myers' contacts with the forum.

The Supreme Court's starting point was a summary of the basic principles of the "arise out of or relate to" element of specific jurisdiction:

> In order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum. In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to its regulation. When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

*Bristol-Myers*, 582 U.S. at 262 (citations omitted) (brackets in original). Thus, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. (citation omitted).

In addressing whether there was "any adequate link between the State and the nonresidents' claims," the Court highlighted that the nonresidents were just that – not California residents – were not injured by Plavix in California, were not prescribed Plavix in California, and did not purchase Plavix in California. *Id*. at 264. Moreover, Bristol-Myers' conduct giving rise to the claims occurred outside of California. *Id*. at 259, 265. In this light, the Court found that there was not an

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

adequate link, noting: "What is needed – and what is missing here – is a connection between the forum and the specific claims at issue." *Id*. at 265. It did not matter that *other* plaintiffs (i.e., the residents) were prescribed and obtained Plavix in California and allegedly sustained the same injuries as did the nonresidents. *Id*. Moreover, the sale of 187 million of the exact same products to *others* in California did not provide the requisite "connection between the forum and the specific claims at issue." *Id.*

Against this backdrop, in this case, there is an equally insufficient connection between Plaintiffs' claims and Ramesh's alleged forum contacts. First, Plaintiffs are not residents of California. Second, Plaintiffs and their decedent were not injured in California. Third, the Subject Product was not purchased in California. Furthermore, none of the conduct giving rise to Plaintiffs' claims occurred in California. Ramesh did not manufacture the Subject Product in California (but in India) and did not ship the Subject Product to California (but to Georgia). Indeed, Ramesh's last contact with the Subject Product was when it was shipped from India to Georgia in 2020. Ramesh is aware of no evidence that the Subject Product was ever present in California.[2]

In other words, like in *Bristol-Myers*, this case involves nonresident plaintiffs who sustained harm outside the forum due to an alleged defect in a product that was manufactured, sold, and purchased outside the forum. None of Ramesh's challenged conduct in this case occurred in California and all of it occurred elsewhere. Neither the Plaintiffs, the harm, the claims, nor the Subject Product bears any connection to California. On this record, there is no connection – let alone a constitutionally sufficient one – between the forum and the claims at issue. Accordingly, Ramesh is not subject to the exercise of specific jurisdiction in this case.

---

[2] The TAC alleges that the Subject Product and other affected spray bottles were only sold at Walmart stores in a certain number of states, *not* including California. (TAC ¶ 44 [ECF No. 86].)

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**C. Specific Jurisdiction May Not Be Established By Subsidiary Contacts.**

*Daimler* confirmed that general jurisdiction over a parent company cannot be predicated on an agency relationship with its subsidiary. *Daimler*, 571 U.S. at 139; *Williams*, 851 F.3d at 1023 (stating that "*Daimler* voided our agency approach for imputing contacts for the purpose of general jurisdiction"). In the context of specific jurisdiction, a subsidiary's forum contacts may be imputed to a principal (if at all) only if the principal has "the right to substantially control its subsidiary's activities." *Id*. at 1024-25.

Of the 585 allegations contained in the TAC, there is one single allegation that attempts to support an agency claim for personal jurisdiction (TAC ¶ 12 [ECF No. 86]). However, the allegation is neither evidence nor true. Ramesh does not have the right to exercise substantial control over Flora's activities, including (1) its day-to-day activities; (2) its product distribution activities or decisions; and (3) its employee or personnel decisions. (Swaminathan Dec. ¶¶ 35-37.) This is in line with the facts that Ramesh and Flora (1) are separate and independent legal entities; (2) have separate offices, facilities, and warehouses; (3) have separate corporate books, financial records, bank accounts, and tax filings; (4) have separate assets and liabilities; and (5) have separate boards of directors. (*Id*. ¶¶ 30-34.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## VI. CONCLUSION

For all the foregoing reasons, Ramesh Flowers Private Limited respectfully requests that the Court dismiss Plaintiffs' Third Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2).

Dated: October 13, 2023.

Respectfully submitted,

YUKEVICH | CAVANAUGH

By: [signature]

James J. Yukevich
Todd A. Cavanaugh
David V. Moore
Jonathan Gottlieb
Attorneys for Defendant RAMESH FLOWERS PRIVATE LIMITED

YUKEVICH | CAVANAUGH
355 SOUTH GRAND AVENUE, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# PROOF OF SERVICE

**WESLEY GIBSON, et al. v. WAL-MART, INC., et al.
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA Case No. 5:22-cv-00238-JWH-KK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Fifteenth Floor, Los Angeles, CA 90071-1560.

On October 13, 2023, I served true copies of the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAMESH FLOWERS PRIVATE LIMITED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2)** on the interested parties in this action as follows:

**SEE CM/ECF SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 13, 2023, at Los Angeles, California.

Kimberly Bardales

2652751.1