Daniel J. Herling (SBN 103711)
djherling@mintz.com
Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: (415) 432-6000; Facsimile: (415) 432-6001

Arameh Zargham O'Boyle (SBN: 239495)
azoboyle@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200; Facsimile: (310) 586-3202

Attorneys for Defendant
FLORA CLASSIQUE, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| WESLEY GIBSON; and ALEXIS GIBSON, individually and as surviving parents and as successors-in-interest to Decedent Wyatt G. Gibson;<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART INC.; FLORA CLASSIQUE, INC.; MEREDITH CORPORATION; RAMESH FLOWERS PRIVATE LIMITED; DOES 1 through 20; ROE Corporations 1 through 20; and DOE Employees 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00238-JWH-DTBx<br><br>**[REDACTED] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Assigned to Hon. John W. Holcomb<br><br>Date:       December 20, 2024<br>Time:       9:00 a.m.<br>Courtroom: 9D<br><br>Complaint Filed:   January 7, 2022<br>Trial Date:   Not Set Yet |

- i -
MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

# TABLE OF AUTHORITIES

**Page**

I. INTRODUCTION ................................................................................................ 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................. 2

    A. Flora Classique's Limited Involvement with the Walmart Aromatherapy Product ......................................................................... 2

    B. Walmart's Product Recall and Subsequent Business Decisions .............. 3

    C. Overview of Plaintiff's Claims ................................................................ 3

    D. Mediation and Settlement ........................................................................ 5

III. STANDARD FOR A DETERMINATION OF GOOD FAITH ........................ 6

IV. APPLICATION OF THE *TECH-BILT* FACTORS STRONGLY SUPPORTS A FINDING OF GOOD FAITH .................................................. 8

    A. A Rough Approximation of the Total Recovery and Flora Classique's Proportionate Liability ........................................................ 8

    B. The Amount Paid in Settlement .............................................................. 8

    C. The Allocation of Settlement Proceeds .................................................. 9

    D. Recognition that a Settlor Should Pay Less in Settlement Than It Would If Found Liable at Trial ................................................................ 9

    E. The Settlor's Financial Condition and Insurance Policy Limits .............. 9

    F. Absence of Any Indications of Collusion, Fraud, or Tortious Conduct Meant to Injure the Interest of Non-Settling Parties ............... 10

V. A FINDING OF GOOD FAITH SETTLEMENT BARS ANY CLAIMS BY ANOTHER JOINT TORTFEASOR ........................................................ 11

VI. CONCLUSION ................................................................................................ 11

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Fed. Sav. & Loan Ins. Corp. v. Butler,*
   904 F.2d 505 (9th Cir. 1990) ............................................................................... 6

**California Cases**

*Far West Financial Corp. v. D&S Co.,*
   4 Cal. 3d 796 (1988) ........................................................................................... 11

*Stambaugh v. Superior Court,*
   62 Cal.App.3d 231 ................................................................................................ 9

*Tech-Bilt Inc. v. Woodward Clyde & Assocs.,*
   38 Cal.3d 488 (1985) ........................................................................ 6, 7, 8, 9, 10

**Statutes**

Cal. Code Civ. Proc. § 877.6 ................................................................... 1, 5, 6, 7, 11

- iii -

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **INTRODUCTION**

This wrongful death and product liability case arises from the death of a five-year-old child, Wyatt Gibson, after he was exposed to a Walmart exclusive private-label *Better Homes and Gardens* Lavender & Chamomile scented aromatherapy room spray ("Walmart Aromatherapy Product"). Multiple parties were able to resolve this matter at a recent mediation. The terms and conditions of settlement provide that all settling defendants shall petition this Court for good faith settlements pursuant to California Code of Civil Procedure section 877.6, and that Plaintiff Wesley Gibson ("Plaintiff") would not object to such petitions. The instant motion is made by Defendant Flora Classique, Inc. ("Flora Classique").

As established by the uncontroverted evidence produced in this action, Flora Classique did not manufacture the Walmart Aromatherapy Product. Flora Classique was merely a distributor of the product with the limited role of distributing a sealed container to Walmart Inc. ("Walmart"). Flora Classique had no control over, or participation in, the manufacture, design, testing, or labeling of the product. Nonetheless, as described below, the events surrounding the recall of the Walmart Aromatherapy Product rendered Flora Classique a defunct company with no assets and no employees by the time of the mediation of this case. Consequently, Flora Classique was only able to contribute the amount available under its insurance policy to settle this case.

Flora Classique now seeks a determination of the good faith nature of its settlement with Plaintiff. Flora Classique contends its agreement with Plaintiff satisfies the well-established standard for determination of good faith settlements as set forth below and requests an order from this Court to that extent, as well as an order precluding future claims for equitable contribution and indemnity against Flora Classique.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Flora Classique's Limited Involvement with the Walmart Aromatherapy Product

Each of Plaintiff's claims against Flora Classique is premised on demonstrably false allegations that Flora Classique "manufactured" and "designed" the product at issue. TAC ¶¶ 73, 78. To the contrary, the uncontroverted evidence in this action demonstrates that Flora Classique did not manufacture the Walmart Aromatherapy Product. Defendant Ramesh Flowers Private Limited ("Ramesh Flowers") has unequivocally admitted that it manufactured the Walmart Aromatherapy Product. Indeed, Ramesh Flowers' Answer to Plaintiff's complaint (Dkt. 138, ¶ 480) admits that Ramesh Flowers manufactured the lavender and chamomile Walmart Aromatherapy Product at issue, as well as the five other scents in this aromatherapy room spray product line, *at Walmart's direction*. Declaration of Swaminathan N. in Support of Ramesh Flowers' Motion for Good Faith Settlement Determination ("Swaminathan Decl."), ¶ 7.

The line of aromatherapy products was designed and sold by Walmart pursuant to Walmart's specifications. *Id.* ¶ 13. Walmart specified the design, testing, sampling, and packaging of the line of aromatherapy products, and required that Ramesh Flowers purchase the fragrances and raw materials for the Walmart Aromatherapy Product from specific suppliers, including Mane USA, Inc. ("Mane"). *Id.* The line of aromatherapy products was sold exclusively by Walmart under Walmart's *Better Homes and Gardens* private label brand. *Id.* ¶ 14.

Flora Classique was merely a distributor of the product with the limited role of distributing a sealed container to Walmart. It had no control over, or participation in, the manufacture, design, testing or labeling of the product. *Id.* ¶¶ 7, 13, 14.

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

### B. Walmart's Product Recall and Subsequent Business Decisions

On October 21, 2021, Walmart, in conjunction with the Consumer Product Safety Commission (CPSC), initiated a recall of 3,900 bottles of its *Better Homes and Gardens*-branded aromatherapy room sprays, including the products at issue here. TAC ¶ 43; Declaration of Arameh Z. O'Boyle ("O'Boyle Decl."), ¶ 1; Swaminathan Decl., ¶ 16. The recall came after testing by the Centers for Disease Control and Prevention (CDC) revealed that certain bottles of the "Lavender and Chamomile" scented aromatherapy room spray—including the bottle purchased by the Gibson Plaintiffs—were contaminated with a rare bacteria called *Burkholderia pseudomallei*. TAC ¶¶ 42, 45; O'Boyle Decl., ¶ 3. Flora Classique was not involved in Walmart's decision to recall the product line and did not learn of the recall until after it was initiated. O'Boyle Decl., ¶ 4. Neither the CDC nor the CPSC ever threatened or took any action against Flora Classique in connection with the recall. *Id.* ¶ 5.

Without justification, in early 2022, Walmart made the decision to stop accepting any products from Flora Classique, including non-room spray products and products manufactured in Flora Classique's California facilities, which had no connection to the recalled products. *Id.* ¶ 6. Because the relationship with Walmart supported nearly the entirety of Flora Classique's business, this affirmative action by Walmart directly forced Flora Classique to lay off its employees, terminate its leases and remain as only a shell company with no operations or assets. *Id.* ¶ 7. Consequently, Flora Classique did not have the financial capacity to pay any judgment or settlement to Plaintiff beyond the limits of its remaining insurance policy. *Id.* ¶ 8.

### C. Overview of Plaintiff's Claims

This action was initially filed in California in January 2022, by Wesley Gibson and Alexis Gibson, individually and as surviving parents and successors-in-interest to decedent Wyatt G. Gibson (the "California *Gibson* Action"). Initial Complaint,

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Dkt. 1-2. Decedent's mother, Alexis Gibson, passed away in April 2024. Suggestion of Death and Unopposed Motion for Substitution of Party, Dkt. 168-1, p. 2. Wyatt's father, Wesley Gibson, proceeded as the personal representative of Wyatt's estate. Order Granting Unopposed Motion for Substitution of Party, Dkt. 174. The California *Gibson* Action is being brought against Walmart, Flora Classique, Meredith Corporation, and Ramesh Flowers. Plaintiff alleges causes of action against Flora Classique for (1) Strict Products Liability – Design Defect; (2) Strict Liability – Manufacturing Defect; (3) Strict Liability – Failure to Warn; and (4) Negligence. Third Amended Complaint for Wrongful Death and Survival Damages, Dkt. 86 ("TAC").

Plaintiff alleges that five-year-old Wyatt passed away in July 2021 after being exposed to the Walmart Aromatherapy Product Plaintiff purchased at a Walmart store in Georgia in early 2021. TAC ¶¶ 37, 59. Plaintiff alleges that Wyatt was exposed to the Walmart Aromatherapy Product "in the normal course of use in their household." *Id.* ¶ 59. Plaintiff alleges that on July 12, 2021, Wyatt was taken to an emergency room in Georgia where he was diagnosed with COVID-19 and pneumonia. The next day, he was transferred to a hospital in Tennessee. While in the hospital, the Decedent's condition deteriorated, and he eventually passed away on July 16, 2021. TAC ¶ 61. The Decedent's death certificate reports his cause of death as COVID-19 pneumonia, but Plaintiff alleges a post-mortem examination report attributed his death to melioidosis resulting from *Burkholderia pseudomallei* infection. *Id.* at ¶¶ 45-46. Plaintiff claims that at the time the Walmart Aromatherapy Product was manufactured in India, it became contaminated with a rare and deadly bacterium known as *Burkholderia pseudomallei*, which can cause the disease, meliodosis. *Id.* ¶¶ 40, 86.

In July 2023, the *Gibson* Plaintiffs—represented by the same lawyers—filed a nearly identical lawsuit in Arkansas against, inter alia, Robert Burgess d/b/a Burgess

Group a/k/a Bob Burgess and Associates ("Burgess"), Mane, and Gala North America ("Gala NA") (the "Arkansas *Gibson* Action"). The Arkansas *Gibson* Action was transferred to California in April 2024. *See Gibson v. Consumer Testing Laboratories, Inc., et al.*, Case No. 5:24-cv-00870-JWH-DTB.

### D. Mediation and Settlement

On August 14, 2024, the parties to the *Gibson* California and *Gibson* Arkansas Actions attended mediation with mediator Brad Safon. O'Boyle Decl. ¶ 9. At the mediation, Flora Classique, Ramesh Flowers, Burgess, Mane and Gala NA (the "Settling Defendants") reached a resolution with Plaintiff. The Settling Defendants contributed the following amounts to the settlement to be entirely distributed to Plaintiff and his counsel:

- Flora Classique: [REDACTED]
- Burgess: [REDACTED]
- Ramesh Flowers: [REDACTED]
- Gala NA: [REDACTED]
- Mane: [REDACTED]
- **TOTAL** = [REDACTED]

*Id.* The settling parties executed a "Settlement Agreement Reached at Mediation" that day, with a formal, long-form settlement agreement and release to follow promptly thereafter. *Id.* ¶ 10. Among other terms, the Mediation Settlement Agreement requires all settling defendants to petition this Court for good faith settlements pursuant to California Code of Civil Procedure section 877.6. *Id.* Plaintiff agreed he would not object to these petitions. *Id.* ¶ 11.

The settlement between Flora Classique and Plaintiff does not involve collusion, fraud, or tortious conduct aimed at injuring the interests of any non-settling party; the settlement negotiations were conducted at arm's length at mediation.

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

1  O'Boyle Decl., ¶ 15. The settlement amount was given in exchange for dismissal,
2  with prejudice, of Plaintiff's claims against Flora Classique. O'Boyle Decl., ¶ 16. The
3  settlement contribution by Flora Classique – a defunct company with no employees
4  or assets – represents the total amount of money available under Flora Classique's
5  insurance policy. *Id.* ¶ 17.

Section IV(3) of the Settlement Agreement provides that the settling parties and their counsel "agree that the terms of and amounts contained in this Agreement and Release are confidential and not to be disclosed to any third party except as required by the terms of this Agreement and Release or as otherwise required by specific court order…" O'Boyle Decl., ¶ 12. On November 19, 2024, Flora Classique filed an Unopposed Joint Application for Leave to File Documents Under Seal in connection with Flora Classique's and Ramesh's motions for good faith settlement determinations.

## III. STANDARD FOR A DETERMINATION OF GOOD FAITH

In actions where two or more parties are joint tortfeasors, a settling party may seek a determination that a settlement and release is in good faith under California law. Cal. Code Civ. Proc. § 877.6. Such a determination "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c). A settling party may seek a good faith settlement determination under Section 877.6 in federal court. *See Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

In *Tech-Bilt Inc. v. Woodward Clyde & Assocs.*, 38 Cal.3d 488 (1985), the California Supreme Court determined that the term "good faith" as used in section 877.6 is based upon whether the settlement is within the "reasonable range" of the settling tortfeasor's proportionate share of liability for the plaintiff's total damages. While there is no precise yardstick for measuring "good faith" of a settlement with

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

one of several alleged tortfeasors, the settlement must harmonize the public policy of favoring settlements with the competing public policy favoring equitable sharing of costs among alleged tortfeasors.

The *Tech-Bilt* court articulated several factors to be used by the trial court in determining whether a proposed settlement satisfies the statutory requirement of good faith. Those factors are as follows:

(1) a rough approximation of the total recovery and the settlor's proportionate liability;

(2) the amount paid in settlement;

(3) the allocation of settlement proceeds;

(4) recognition that a settlor should pay less in settlement than it would if found liable after a trial;

(5) the settlor's financial condition and/or insurance policy limits; and

(6) any indications of collusion, fraud, or tortious conduct meant to injure the interests of non-settling parties.

*Tech-Bilt*, 38 Cal.3d at 499. After identifying these factors, the court was careful to "emphasize the broad parameters of the 'ballpark' within which settlements will be deemed to be in good faith." *Id.* at 501, n. 9.

In applying these factors, the presumption is that settlement was made in good faith, and section 877.6 specifically assigns the burden of proof with regard to the issue to the party attempting to challenge good faith. Section 877.6(d). In other words, the party opposing the motion for good faith has the burden of establishing that the settlement is "so far 'out of the ballpark' in relation to these [*Tech-Bilt*] factors as to be inconsistent with the equitable objective of the statute." *Tech-Bilt*, 38 Cal.3d at 499-500.

## IV. APPLICATION OF THE *TECH-BILT* FACTORS STRONGLY SUPPORTS A FINDING OF GOOD FAITH

### A. A Rough Approximation of the Total Recovery and Flora Classique's Proportionate Liability

This is a disputed liability case with significant alleged damages. For purposes of calculating the potential damages recovery, there is no dispute that Plaintiff has been severely injured by the death of his son, Wyatt. With that said, Flora Classique contends that a rough approximation of the present value of Plaintiff's total recovery would be in the 7-figure range.

As it stands, Flora Classique denies that it was responsible for the alleged *Burkholderia pseudomallei* contamination present in the Walmart Aromatherapy Product. However, Flora Classique's liability (if any) would be in modest comparison to that of Walmart given that (a) the Subject Product was designed and sold by Walmart pursuant to Walmart's specifications; (b) Walmart's specifications dictated the design, testing, sampling, and packaging of the Subject Product; (c) Walmart dictated Mane as the supplier of the fragrance used in the product; (d) Walmart sold the line of aromatherapy products exclusively under its *Better Homes and Gardens* private label brand; and (e) neither the CDC or CPSC have taken any action against Flora Classique in connection with the *Burkholderia pseudomallei* contamination. Swaminathan Decl., ¶¶ 12-14, 18.

Given the uncontroverted evidence regarding Flora Classique's limited involvement with the Walmart Aromatherapy Product, the amount Flora Classique contributed to the total settlement is significant and likely more than Plaintiff would be able to recover against Flora Classique if he prevailed at trial, especially considering that Flora Classique is now an entirely defunct entity.

### B. The Amount Paid in Settlement

The amount paid in settlement by Flora Classique is substantial and represents a significant percentage of the alleged damages. Flora Classique also notes the

settlement contributions by Ramesh Flowers, Burgess, Mane, and Gala NA.

### C.  The Allocation of Settlement Proceeds

Flora Classique's settlement proceeds are to be distributed entirely to Plaintiff and his counsel. O'Boyle Decl. ¶ 9.

### D.  Recognition that a Settlor Should Pay Less in Settlement Than It Would If Found Liable at Trial

Flora Classique denies that it is responsible for contamination of the Walmart Aromatherapy Product; its settlement contribution is therefore substantial in comparison to potentially being found not liable at trial. But in the context of potential adverse liability at trial, Flora Classique's settlement contribution is especially reasonable seeing as the agreement was reached at a time when no trial date was set and with Flora Classique's financial condition in ruins. O'Boyle Decl. ¶ 7. In other words, Flora Classique may be paying dollars now that it would be entirely unable to pay in a year or two from now. Thus, this is an especially appropriate situation for a party to pay potentially less in settlement than it might be responsible to pay if found liable later.

### E.  The Settlor's Financial Condition and Insurance Policy Limits

As the California Supreme Court explained in *Tech–Bilt*, strict proportionate liability is not the *sine qua non* of a good faith settlement. Other relevant considerations identified by the Supreme Court include "the financial conditions ... of settling defendants...." *Id.* at 499. The court quoted from an earlier Court of Appeal decision which noted, "'[A] disproportionately low settlement figure is often reasonable in the case of a relatively insolvent, and uninsured, or underinsured, joint tortfeasor.'" *Id.*, citing *Stambaugh v. Superior Court*, 62 Cal.App.3d 231, 238.

Flora Classique remains solely as a shell company with no operations or assets as a result of Walmart's termination of its business relationship with Flora Classique. O'Boyle Decl., ¶ 7. Solvency aside, Flora Classique contributed the full amount

remaining of its applicable insurance policy to reach a good faith resolution. *Id.* ¶¶ 13-14.[1] In light of Flora Classique's financial situation, it ultimately offered Plaintiff the greatest amount of money possible in order to settle this matter. Accordingly, even if Flora Classique's settlement amount were to be viewed as disproportionally low, which it disputes, the amount would remain reasonable in light of Flora Classique's dire financial condition.

### F. Absence of Any Indications of Collusion, Fraud, or Tortious Conduct Meant to Injure the Interest of Non-Settling Parties

Under California law, the Court also considers the "existence of collusion, fraud, or tortious conduct" in connection with the settlement agreement and/or whether the settlement agreement was "aimed to injure the interests of nonsettling defendants." *Tech-Bilt, Inc.*, 38 Cal. 3d at 499 (citation omitted). Here, the settlement negotiations were conducted at arm's length at mediation with Walmart in attendance. O'Boyle Decl. ¶ 15. The mediation and negotiations did not involve any collusion, fraud, or tortious conduct aimed at injuring the interests of any non-settling party. *Id.* The settling parties achieved no tactical advantages, but merely aimed to resolve Plaintiff's claims against Flora Classique and the other defendants. *Id.* Accordingly, this Court should find that the Settlement was negotiated in good faith under the *Tech-Bilt* Factors.

---

[1] Prior to settling this matter, Flora Classique used its insurance coverage to resolve other bodily injury claims related to the aromatherapy room spray product line, including: *Joyce Pappas and Dibya Das v. Walmart Inc.*, Court of Common Pleas of Greene County, Ohio Case No. 2023CV0538; *Doe, et al. v. Roe, Inc., et al.*, District Court of Dallas County Case No. DC-22-16470; a pre-suit demand made by a claimant in Indiana (O'Boyle Decl. ¶ 13); and the related action *John Rist, et al. v. Walmart, Inc. et al.*, Case No. 5:23-cv-01689-JWH-DTBx. *Id.* ¶ 14.

V.  **A FINDING OF GOOD FAITH SETTLEMENT BARS ANY CLAIMS BY ANOTHER JOINT TORTFEASOR**

Pursuant to California Code of Civil Procedure section 877.6(c), a finding by the Court that the settlement was made in "good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Far West Financial Corp. v. D&S Co.*, 4 Cal. 3d 796, 804 n.7 (1988). Based thereon, Flora Classique contends it is entitled to an order barring any and all claims against Flora Classique for equitable indemnity or contribution.

VI. **CONCLUSION**

For all the foregoing reasons, Flora Classique respectfully requests that the Court grant this Motion and rule that the settlement it has reached with Plaintiff satisfies the statutory requirement of good faith in accordance with C.C.P. § 877.6, and that no party or entity may proceed with or recover on any claim for equitable indemnity or equitable contribution against Flora Classique.

Dated: November 22, 2024

Respectfully submitted,
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

/s/ Arameh Zargham O'Boyle
Daniel J. Herling
Arameh Zargham O'Boyle
Paige E. Adaskaveg

Attorneys for Defendant
FLORA CLASSIQUE, INC.

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT FLORA CLASSIQUE, INC.'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT